THIRD DEPARTMENT, MAY, 1988

(May 4, 1988)

In the Matter of CHARLES W. RYAN, JR., an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner.

The three charges contained in the petition allege that respondent, an attorney, admitted to practice by this court in 1965 and who maintains an office in the City of Albany, neglected a legal matter entrusted to him by a client, misled that client with respect to the status of his case and misinformed petitioner during the course of its investigation of the client's complaint.

With respect to the first charge, we conclude that the evidence produced at the hearing demonstrates that respondent did neglect a medical malpractice action which he had been retained to prosecute. While it is respondent's contention that it was not he, but another attorney with whom he shared office space, who actually prepared the summons commencing suit for the client and was responsible for the prosecution of same, such contention is belied by documentary proof contained in the record. Specifically, the summons and a subsequent motion to amend the summons both list respondent as the attorney of record. Moreover, it is undisputed that it was respondent who agreed to commence the action for the client.

Given these facts, we sustain the first charge of misconduct against respondent.

We further find that the second and third charges of misconduct, accusing respondent of deception of both his client and petitioner, should likewise be sustained. Regarding the second charge, the evidence is overwhelming that respondent repeatedly misled the client and others inquiring on his behalf with respect to the status of his case by telling them that the subject lawsuit was close to settlement when, in fact, it had been dismissed several years earlier. Finally, the evidence supports the conclusion that respondent attempted to mislead petitioner with regard to certain relevant facts during its investigation of this matter.

In mitigation, respondent submits that the malpractice action in issue was of questionable merit and notes that the client has since commenced a civil action against him for damages.

We conclude that respondent's misconduct, especially his repeated misleading of his client as to the true status of the client's action, warrants discipline. We further observe that respondent received a letter of caution from petitioner in 1985 as a result of similar misconduct. Considering all of the circumstances herein, respondent should be censured for his misconduct.

Respondent censured. Casey, J. P., Mikoll, Yesawich, Jr., and Levine, JJ., concur.